```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

| | |
|---|---|
| LIPPE & PERRY, P.C., d/b/a LAW OFFICES OF LIPPE & ASSOCIATES,<br><br>　　　　　　Plaintiff,<br><br>VS.<br><br>DAVID KELLY, et al.,<br><br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:06-CV-1575-D<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Ron Katz ("Katz"), Humitech Development Corporation, Don Parks, Fridge Fresh, L.L.C., and Humitech International Group, Inc. ("Humitech International") move to strike the petition in intervention purportedly filed on behalf of Humitech International before this case was removed. Third-party defendant William Wachtel ("Wachtel") moves under Fed. R. Civ. P. 12(b)(2) to dismiss the action against him for lack of personal jurisdiction. For the reasons that follow, the court grants both motions.[1]

I

Katz, et al. move to strike the petition in intervention purportedly filed on behalf of Humitech International in state

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

court before this case was removed.  They have demonstrated that the attorney who filed the plea lacked authority to file the petition.  No response has been filed to the motion and no attempt has been made to establish that the filing was authorized.  Accordingly, the motion is granted, and the plea in intervention is stricken.

II

Wachtel moves under Rule 12(b)(2) to dismiss the third-party action against him for lack of personal jurisdiction.  Third-party plaintiffs have not responded to the motion.

A

The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution.  *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).  Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over Wachtel would be consistent with the Due Process Clause of the Fourteenth Amendment.  *See id.; Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

-3-

"When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits.  Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction."  *Latshaw*, 167 F.3d at 211 (footnotes omitted).

B

In their state-court third-party petition, third-party plaintiffs appear to allege that the court has specific jurisdiction over Wachtel.  *See* 3d Party Pet. ¶ 7 (alleging that court can exercise personal jurisdiction over Wachtel because he committed torts in Dallas, Texas).  In Wachtel's motion to dismiss and supporting affidavit, however, he denies that the court has any basis to exercise personal jurisdiction over him.  *See* D. Br. 2.[2]  In other words, the jurisdictional allegations of third-party plaintiffs' state-court third-party petition have been controverted.  Because it is the *uncontroverted* allegations of the third-party petition that are to be taken as true, *see Brown v.*

---

[2]Wachtel incorporates by reference the affidavit he filed in state court in support of his Tex. R. Civ. P. 120a special appearance.  *See* D. Br. 1.  In his August 22, 2006 affidavit, he denies, *inter alia*, that he has any minimum contacts with the state of Texas or has had any business dealings with the third-party plaintiffs.

*Flowers Industries, Inc.*, 688 F.2d 328, 332 ( 5th Cir. 1982), and because third-party plaintiffs have not responded to Wachtel's motion to dismiss,[3] third-party plaintiffs have failed to demonstrate a prima facie case of *in personam* jurisdiction.

Accordingly, third-party plaintiffs have not demonstrated the necessary minimum contacts for personal jurisdiction. The court need not decide any other issues in the *in personam* jurisdiction equation. Wachtel's motion to dismiss is granted, and the third-party action against him is dismissed without prejudice.

\*   \*   \*

Accordingly, the October 11, 2006 motion to strike of Katz, et al. is granted, and the petition in intervention purportedly filed in state court before removal of Humitech International is stricken. Wachtel's October 11, 2006 motion to dismiss is granted, and the action against him is dismissed without prejudice by Rule 54(b) final judgment filed today.

**SO ORDERED.**

January 30, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3] They also failed to respond in state court to his special appearance.